IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Benjamin Hendricks,             :

    Plaintiff,               :


    v.                       :      Case No. 2:12-cv-729

                            :      JUDGE MICHAEL H. WATSON
John Kasich, et al.,                    Magistrate Judge Kemp

    Defendants.              :

REPORT AND RECOMMENDATION

    This matter is before the Court to consider plaintiff Benjamin Hendricks's motion to voluntarily dismiss the complaint without prejudice.  Defendants have not responded to this motion and it stands as unopposed.  For the following reasons, the Court will recommend that Mr. Hendricks's motion be granted.

I.

    The Court's docket reflects that defendants have filed an answer in this case and the Court construes Mr. Hendricks's motion as brought pursuant to Fed.R.Civ.P. 41(a)(2).  That Rule provides, in relevant part:

> **By Court Order; Effect**.  Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. ...  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

    The decision to grant or deny a voluntary dismissal is committed to the sound discretion of the trial court.  <u>Grover by Grover v. Eli Lilly and Co.</u>, 33 F.3d 716, 718 (6th Cir. 1994). Generally, voluntary dismissal without prejudice should be granted unless the defendant shows that a dismissal will result in plain legal prejudice.  <u>Id</u>.  The mere prospect of a second

lawsuit does not constitute prejudice.  Id.  Rather, as the Court of Appeals explained in Grover:

> [i]n determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action,, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

Id.; see also Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc., 583 F.3d 948 (6th Cir. 2009).

## II.

Here, Mr. Hendricks has been actively prosecuting this case although the case, as a whole, remains in its early stages.  To date, a scheduling order has not been issued, discovery has not been undertaken, and summary judgment motions have not been filed.  More significantly, defendants have not filed a response indicating any prejudice they will suffer as a result of a voluntary dismissal.  Consequently, applying the above standards to this case, the Court recommends that Mr. Hendricks's motion for voluntary dismissal be granted.

## III.

For the reasons set forth above, the Court recommends that the motion for voluntary dismissal without prejudice (Doc. 42) be granted.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

  The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de</u> <u>novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).


          /s/ Terence P. Kemp
          United States Magistrate Judge